UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MISTY SHARIF,<br><br>Plaintiff,<br><br>vs.<br><br>DR. SCOTT D. HENERY,<br><br>Defendant. | 4:23-CV-04161-RAL<br><br><br>OPINION AND ORDER DISMISSING COMPLAINT |

Plaintiff Misty Sharif filed a pro se lawsuit against Dr. Scott D. Henery. Doc. 1. Sharif alleges that she took her ill child to see Dr. Henery, a pediatrician. Id. at 4. Dr. Henery administered shots, which Sharif alleges caused her child to develop spinal meningitis. Id. at 4–5. According to the complaint, Sharif's child has hearing loss, immune system problems, and will suffer lifelong disabilities because of the shots Dr. Henery administered. Id. Sharif alleges that she lost her job because of the complications her child experienced following the shots that Dr. Henery administered and that she has a hard time keeping a job because her child is always sick. Id. at 5. Sharif alleges that Dr. Henery is liable for medical malpractice, intentional/reckless infliction of emotional distress, and loss of wages. Id. at 3. Sharif seeks damages in the amount of five million dollars. Id. at 4–5.

**Jurisdictional Analysis**

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Sharif's complaint

1

involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Sharif completed a pro se complaint for a civil case form approved by the Judicial Conference of the United States for use in all District Courts. Doc. 1. Sharif checked a box indicating that the basis for federal court jurisdiction is federal question. Id. at 3. Instead of identifying a specific federal statute, treaty, or United States Constitutional provision at issue, Sharif alleged her claims for medical malpractice, intentional/reckless infliction of emotional distress, and loss wages give rise to federal question jurisdiction. Id. This Court disagrees. Sharif's complaint alleges only state law causes of action. Id. There is no federal statute, treaty, or Constitutional provision that could be in issue based on the allegations in the complaint.

Because federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the Court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Sharif, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Sharif's complaint, she is a citizen of the State of South Dakota. Doc. 1 at 3. Sharif's complaint alleges that Dr. Henery, the defendant, is also a citizen of the State of South Dakota. Id. Thus, there is not complete diversity of citizenship. Having determined that federal

question jurisdiction is lacking and that the plaintiff and defendant are both citizens of the State of South Dakota, Federal Rule of Civil Procedure 12(h)(3) mandates that this Court dismiss Sharif's complaint due to lack of subject-matter jurisdiction. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)). Because there is an absence of federal jurisdiction under the facts alleged in the complaint, Sharif will have to re-file in state court where subject matter jurisdiction presumably exists.

Accordingly, it is

ORDERED that Sharif's complaint (Doc. 1) is dismissed without prejudice.

DATED this 31st day of October, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE